## Kwolek *v.* Kwolek, Appellant.

*Divorce — Cruel and barbarous treatment — Evidence — Insuf-ficiency.*

A decree of divorce on the ground of cruel and barbarous treatment will be reversed, where the instances of the alleged cruelty are not serious and apparently provoked by the libellant, and do not constitute that cruel and barbarous treatment contemplated by the statute, as grounds for a divorce.

Argued April 23, 1924.    Appeal, No. 61, April T., 1924, by respondent, from decree of C. P. Lawrence Co., Sept. T., 1921, No. 29, granting a divorce in the case of Peter Kwolek v. Agnes Kwolek.    Before ORLADY, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce on the ground of cruel and barbarous treatment.    Before EMERY, P. J.

The facts are stated in the opinion of the Superior Court.

This case was referred to C. H. Akens, Esq., as master, who recommended that a divorce be granted.    On exceptions to the master's report, the court overruled the exceptions to the master's report and granted a divorce. Respondent appealed.

*Error assigned* was the decree of the court.

*Robert White,* of *Gibson and White,* for appellant.

*Roy Mercer,* of *Weingartner & Mercer,* for appellee.

OPINION BY LINN, J., July 2, 1924:

Peter Kwolek was divorced because of his wife's cruelty, etc.; she appeals. The rule to be applied was thus stated in Biddle v. Biddle, 50 Pa. Superior Ct. 30, p. 38: "It is not sufficient [under the Act of May 8, 1854, P. L. 644, amended June 25, 1895, P. L. 308] to prove that the conduct of the wife rendered the condition of her husband intolerable and life burdensome, unless it appear that this was the result of her cruel and barbarous treatment. And this treatment must be exhibited in a course of conduct......(P. 42)   A complainant is not entitled to a divorce where the indignities relied on are provoked by the complaining party unless the retaliation is excessive......" The application of this rule to the facts in the record, leaves the decree unsupported.

Libellant is a railroad brakeman. The parties were married in August, 1917, have had two children, only one surviving. Three or four days after their first child was born, while she was still in bed, libellant beat respondent with a strap; her cries brought another occupant of the same house into her room; this witness testified that she went there in response to the cries, and remonstrated with him, though he then denied having struck his wife. Two days after their second child was born, she was required to get up and do housework, because he provided nobody else to do it; she had no doctor but only the services of a midwife; two months later, she testifies, "he gave me a black eye by a blow with his fist." Another witness testified seeing her in that condition. She describes that one Sunday morning "he dressed up and went away and I dressed up myself and followed him to where he was going." He resented her conduct and, on the street, as she says, "caught me by

my neck and pushed me against the fence......and my hat fell off my head." This statement is corroborated by another witness.

One of the principal complaints of the libellant is, in his words, "she cut a piece of my thumb off me"; she states that it occurred because "he was beating me at that time and I wanted to prevent myself from being beaten and I had the potato scraper in my hand and that was how he got cut." He testifies that once she threw a knife at him; she denied it. He also mentions several trivial incidents resulting in quarrels. She testified that he declined to furnish clothing for herself and child. The parties lived in two or three rooms, sometimes occupying one of these rooms in common with another family. They appear to have quarreled frequently, and to have called each other names; he told her he wished a divorce and did not wish to live with her, and she resented it. He testified that he "struck his wife on two or three occasions." One of his witnesses, corroborating him, said, "but I seen when Pete come downstairs and was scratched up and the blood was running"; respondent explains his condition by saying "after he made me a black eye I scratched him for it"; he was a large man, and she was a small woman.

The specific instances of alleged cruelty to libellant so stated in the evidence are few and apparently provoked by him; the general statements that the parties were quarreling all the time mean little or nothing in a divorce proceeding, in the circumstances of this case. There is nothing approaching that cruel and barbarous treatment contemplated by the statute as construed in the case referred to and the decisions considered in that opinion.

The decree is reversed and the libel dismissed at the cost of the libellant.